TOGUT, SEGAL & SEGAL LLP
*Attorneys for Albert Togut, not individually*
*but solely in his capacity as the Chapter 7*
*Trustee*
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Neil Berger

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
In re:                                                       :    Chapter 7 Case
                                                             :    No. 19-13106 [JLG]
         STARWORKS, LLC,                                     :
                                                             :
                                    Debtor.                  :
                                                             :
------------------------------------------------------------ X

**TRUSTEE'S APPLICATION FOR ORDER APPROVING**
**SETTLEMENT AGREEMENT WITH THE WALL GROUP LA, LLC**

TO THE HONORABLE JAMES L. GARRITY JR.,
UNITED STATES BANKRUPTCY JUDGE:

    Albert Togut, the Chapter 7 Trustee (the "Trustee") of Starworks, LLC, the debtor in the above-captioned case (the "Debtor"), by his attorneys, Togut Segal & Segal LLP (the "Togut Firm"), as and for his application (the "Application") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an order approving the settlement agreement annexed hereto as Exhibit "1" (the "Settlement Agreement") between the Chapter 7 Trustee and The Wall Group LA, LLC ("The Wall Group").  In support of the Application, the Trustee respectfully submits the Declaration of Neil Berger, a member of the Togut Firm, annexed hereto as Exhibit "2" and respectfully shows this Honorable Court:

**PRELIMINARY STATEMENT**

Approval of the Settlement Agreement will enable the Trustee to recover $7,500 without the need for discovery or litigation with The Wall Group. The Trustee has concluded that the Settlement Agreement is in the best interest of the Debtor's estate. In reaching that conclusion, the Trustee has considered, among other things, the defenses that have been asserted by The Wall Group and the cost, expense and delay associated with litigating various disputed issues or recovering on account of any judgment against The Wall Group, the result of which is uncertain.

The Trustee respectfully requests that the Settlement Agreement be "So Ordered" and approved by this Court.

**BACKGROUND**

1. On September 27, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in this Court (the "Court") and commenced the above-captioned case [Docket No. 1].

2. On October 1, 2019, Albert Togut was appointed Chapter 7 interim Trustee of the Debtor's estate (the "Estate").

3. On July 14, 2021, the Trustee sent a demand letter (the "Demand") to The Wall Group to avoid and recover a preferential transfer in the amount of $30,471.23 made by the Debtor to The Wall Group within ninety (90) days prior to the Petition Date (the "Transfer") pursuant to, *inter alia*, Bankruptcy Code sections 547 and 550.

**THE PROPOSED SETTLEMENT**

4. In response to the Trustee's Demand, The Wall Group provided documents and information in support of its defenses pursuant to Bankruptcy Code

2

547(c). The Wall Group asserted that the Transfer made to it was made in the ordinary course of business between The Wall Group and the Debtor, and satisfied obligations that were incurred by the Debtor in the ordinary course of its business. The Wall Group also asserted that it gave subsequent new value to the Debtor after the date of the Transfer.

5. As a result of negotiations, the Trustee and The Wall Group have agreed, subject to approval by this Court, to settle the Trustee's Demand by the payment of $7,500 to the Trustee. The Trustee's Settlement Agreement with Wall Group is annexed hereto as Exhibit "1."

## JURISDICTION AND VENUE

6. The Rule predicate for the relief requested herein is Bankruptcy Rule 9019.

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334.

8. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This matter is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B), (F), and (O).

## RELIEF REQUESTED

9. Subject to approval by this Court, the Trustee and The Wall Group have entered into the Settlement Agreement, and the Trustee seeks approval of the Settlement Agreement pursuant to Bankruptcy Rule 9019.

10. Pursuant to the Settlement Agreement, the Trustee will recover $7,500 (the "Settlement Payment") from The Wall Group, and The Wall Group has also agreed to waive and release any and all claims that it may have against the Debtor's Estate pursuant to Bankruptcy Code section 502(h).

3

11. For the reasons set forth below, the Trustee has concluded, in his business judgment, that the Settlement Agreement is fair and equitable, fall well within the range of reasonableness, and should be approved.

## BASIS FOR RELIEF

12. Pursuant to Bankruptcy Rule 9019(a), "the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Further, Bankruptcy Code section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]."

13. The settlement of disputes is encouraged and generally favored in bankruptcy. *See Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994); *see also In re Penn Cent. Transp. Co.*, 596 F.2d 1102 (3d Cir. 1979) ("'In administering reorganization proceedings in an economical and practical manner, it will often be wise to arrange the settlement of claims[.]'") (quoting *In re Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)). Indeed, settlements and compromises are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424 (1968) (quoting *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)).

14. In deciding whether a particular settlement should be approved, the Court must determine whether it is in the best interests of the debtors and their estates. *See In re Adelphia Commc'ns Corp.*, 327 B.R. 143, 158 (Bankr. S.D.N.Y. 2005) ("The legal standard for determining the propriety of a bankruptcy settlement is whether the settlement is in the 'best interests of the estate.'") (citation omitted). The decision to approve a settlement is ultimately within the sound discretion of the bankruptcy court. *See Nellis*, 165 B.R. at 123. In exercising its discretion, the Bankruptcy Court must make an independent determination that the settlement is fair and reasonable. *Id*. at 122. The

4

Court should not, however, substitute its own judgment for that of the Trustee. *See Matter of Carla Leather, Inc.*, 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984).

15.  Moreover, the Court is not to decide the numerous questions of law or fact raised by litigation, but rather should canvass the issues to determine whether the settlement falls below the lowest point in the range of reasonableness. *See Cosoff v. Rodman (In re W.T. Grant and Co.)*, 699 F.2d 599, 607-08 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994); *Adelphia Commc'ns*, 327 B.R. 143 at 159 ("The settlement need not be the best that the debtor could have obtained. Rather, the settlement must fall 'within the reasonable range of litigation possibilities.'") (citations omitted) (quoting *In re Penn Centr. Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979)).

16.  Bankruptcy Courts have applied the following factors in determining whether a settlement should be approved: (a) the probability of success in the litigation, with due consideration for the uncertainty in fact and law; (b) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; (c) the proportion of creditors who do not object to, or who affirmatively support the proposed settlement; and (d) the extent to which the settlement is truly the product of arm's length bargaining and not the product of fraud or collusion. *See In re Ashford Hotels, Ltd.*, 226 B.R. 797, 804 (Bankr. S.D.N.Y. 1998); *In re Best Prods. Co.*, 168 B.R. 35, 50 (Bankr. S.D.N.Y. 1994). *See also Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.)*, 283 F.3d 159, 165 (3d Cir. 2002) (also incorporating as a factor the "likely difficulties in collection").

17.  Following negotiations and exchanges of information with The Wall Group, the Trustee reviewed and evaluated The Wall Group's positions and defenses, and he has concluded that those defenses are colorable and that the

5

Settlement Agreement is fair and equitable, falls well within the range of reasonableness, and is in the best interest of the Debtor's Estate.

18. The benefits flowing from the settlement and compromise embodied in the Settlement Agreement include: (a) recovery of the Settlement Payment; (b) the avoidance of the significant costs, uncertainties and delays attendant to litigation against The Wall Group; and (c) the waiver of claims that The Wall Group may have against the Debtor's estate arising out of the facts set forth in the Trustee's Demand.

19. The Trustee submits that the relevant factors set forth above support a finding that the compromises that are embodied in the Settlement Agreement are fair and equitable, in the best interests of the Debtor's Estate and should be approved.

20. Based upon all of the foregoing, the Trustee respectfully submits that the proposed settlements and compromises are appropriate in light of the relevant factors and should be approved.

## NOTICE

21. Notice of this Application is being given to: (i) The Wall Group by their attorneys; (ii) the United States Trustee; (iii) all of the Debtor's known creditors; and (iv) all of the parties that have filed a notice of appearance in this case. The Trustee respectfully submits that no other notice need be given.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that the Court approve the Trustee's Settlement Agreement with The Wall Group by "So Ordering" the

6

Settlement Agreement, and grant such other and further relief as is just and appropriate.

|  |  |
|---|---|
| DATED: New York, New York<br>October 5, 2021 | ALBERT TOGUT, not individually but solely in his capacity as Chapter 7 Trustee,<br>By his Attorneys,<br>TOGUT, SEGAL & SEGAL LLP<br>By:<br><br>*/s/ Neil Berger*<br>NEIL BERGER<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>(212) 594-5000 |

7